# TABLE OF CONTENTS

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   I. SUMMARY JUDGMENT STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   II. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AND ALL COUNTS IN THE AMENDED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A. Plaintiff has not established primary negligence on part of Defendant as the duty to remove a hazardous condition had not yet arisen . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

## CASES

Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986) .......................... 3

Anderson v. Liberty Lobby, 477 U.S. 242 (1986) .................................... 3

Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) ...................... 3

BG&E v. Lane, 338 Md. 34, 656 A.2d 307, 312 (1995) ............................ 5

BG&E v. Lane, 338 Md. 34, 656 A.2d 307, 312 (1995), overruled on other grounds, 348 Md. 680, 705 A.2d 1144 (1998) ..................................................... 5

Brown v. Dermer, 357 Md. 344, 356, 744 A.2d 47, 54 (2000) ....................... 4

Burwell v. Easton Memorial Hosp., 83 Md. App. 684,687-88, 577A.2d 394 (1990) ..... 6

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ............................... 3, 4

Giant Food, Inc. v. Mitchell, 334 Md. 633, 640 A.2d 1134, 1135 (1994) .............. 5

Jackson v. A.M.F. Bowling Ctrs., Inc., 128 F. Supp. 2d 307, 311 (D. Md. 2001) ...... 4, 5

Lexington Market v. Zappala, 233 Md. 444, 197 A. 2d 147 (1964) ................. 6, 7

Lund, 234 Md. At 409, 199 A.2d at 623 ......................................... 6

Montgomery Ward & Co. v. Hairston, 196 Md. 595, 78 A. 2d 190 (1951) ............. 6

Morrison v. Suburban Trust Co., 213 Md. 64, 68-69, 130 A.2d 915 (1957) ........... 5

Moulden v. Greenbelt Consumer Services, Inc., 239 Md. 229, 210, A.2d 724, 726 (1965) ................................................................. 6, 7

Peregoy v. Western Md. R.R. Co., 202 Md. 203, 207, 95 A.2d 867 (1953) ............. 5

Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282 (4th Cir. 1987) ................ 3

Reitzick v. Ellen Realty, Inc., 30 Md. App. 273, 352 A.2d 327, 329 (1976 ........... 6

Reitzick, 352 A.2d at 329. ..................................................... 6

Richwind Joint Venture 4 v. Brunson, 335 Md. 661, 670, 645 A.2d 1147, 1151 (1994) .. 4

Ronk v. Corner Kick, Inc., 850 F.Supp. 369, 371 (D. Md. 1994) ..................... 6

Rowley v. Mayor and City Council of Baltimore, 305 Md. 456, 464-65, 505 A.2d 494,
498 (1986) ................................................................... 5

Seago v. North Carolina Theatres, Inc., 42 F.R.D. 627 (E.D.N.C. 1966),
aff'd, 388 F.2d 987 (4th Cir. 1967) ............................................ 3

Sherman v. Suburban Trust Co., 282 Md. 238, 242, 384 A.2d 76 (1978) .............. 5

Valentine v. On Target, Inc., 353 Md. 544, 549, 727 A.2d 947, 949 (1999) ............. 4

Wagner v. Doehring, 315 Md. 97, 553 A.2d 684, 686 (1989) ........................ 5

RULES
Restatement (Second) of Torts § 328 B(b) (1965) ................................. 5

Rule 56 ..................................................................... 3

Rule 56(c) ................................................................... 4

Rule 56(e) ................................................................. 3, 4


FEDERAL RULES
Fed. R. Civ. P. 56(c) .......................................................... 3

## EXHIBIT LIST

DEPOSITION OF AHMAD HALEEM DATED NOVEMBER 28, 2006 . . . . . . . . . . . . 1

DEPOSITION OF FARIECE ALTICE DATED NOVEMBER 9, 2006 . . . . . . . . . . . . . . 2

DEPOSITION OF LINDA JEAN SILVER DATED NOVEMBER 29, 2006 . . . . . . . . . 3

| | | |
|---|---|---|
| FARIECE ALTICE | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: |
| AMF BOWLING CENTERS, INC., et al. | * | DKC 06-949 |
| Defendants | * | |

## MOTION FOR SUMMARY JUDGMENT

AMF BOWLING CENTERS, INC., Defendant, by KARPINSKI, COLARESI & KARP,

KEVIN KARPINSKI and THOMAS S. BOUCHELLE, its attorneys, moves for summary

judgment pursuant to Fed.R.Civ.P. 56, as set forth more fully in the memorandum of law filed

herewith.

## STATEMENT OF FACTS *

Mr. Ahmad Haleem, an employee of AMF Bowling Centers in Marlo Heights, Maryland

("AMF Bowling Center") operates a lane machine to clean and oil the forty bowling lanes at AMF

Bowling Center five days a week, Monday through Friday. (See deposition of Ahmad Haleem,

attached hereto as Exhibit 1, p. 8-9). Mr. Haleem begins his duties at 3:00 - 3:30 a.m. and finishes

at 8:00 - 8:30 a.m. (Id., p. 9). On the date of this incident he clocked in at 2:59 a.m. (Id., p.40). The

oil to the lanes is clear in color and is brushed on by the lane machine (Id., p. 20). When oiling the

bowling lanes the machine cuts off and doesn't oil the one to two inches before the foul line at the

end of the bowling lane (Id., p.30).

* There is a dispute as to the location of Ms. Altice's fall, the facts are given in a light most

favorable to the Plaintiff, the non moving party.

The machine cuts off automatically before it is moved from one lane to another (Id., p. 33). Mr. Haleem has never had occasion where any of the oil on the bristle-like brush leaks off into the area where the bowlers appoach and bowl, if it did it would be in the gutter. (Id., p. 33). When Mr. Haleem pulls the lane machine from one lane to another, it is no more than a foot to a foot and a half from the foul line. (Id., p. 34). He has never seen the brushes leak (Id., p. 35). He has seen oil leak from the lane machine onto the bowlers side of the foul line, but after the lanes are done the approaches are cleaned (Id., p. 35-36). Oil could drip off of the machine but it wouldn't be much, a couple of drops smaller than a penny. (Id., p. 35-36).

Following the cleaning and oiling of the lanes, Mr. Haleem uses a dry dust mop to clean the approach area (Id., p. 42). Mr. Haleem recalls using the dry mop on the date of this incident as it was part of his job. (Id., p. 42)

Fariece Altice ("Ms. Altice") did not notice anything on the floor before commencing her bowling on lane 24 on the date of this incident (see deposition of Fariece Altice, taken November 9, 2006, attached hereto as Exhibit 2, p. 15). As she bowled in lane 24, she approached the foul line, released the bowling ball from her right hand and went up in the air backwards, falling and landing on her right side. (Id., pp.19-20). She assumes there was oil around the location where she fell, as the substance was slippery (Id., p. 26). She did not see the oil nor did she know exactly where the oil was. (Id., p. 26). She fell behind the foul line. (Id., p. 27). She arrived at AMF Bowling Center at 9:45 a.m. and fell five minutes later. (Id., p. 32). Ms. Altice never looked at the lanes before bowling, she just got ready, went up and bowled, she didn't look down to see whether everything was smooth. (Id., p. 43). Ms. Altice has no information that AMF Bowling Center knew that there was oil on the lanes before she bowled that morning. (Id., p. 85).

Fellow bowler Linda Silver ("Ms. Silver") put her hand down next to Ms. Altice, after the fall and felt something on the lane, near Ms. Altice's head (see deposition of Linda Jean Silver taken November 29, 2006, attached hereto as Exhibit 3, p. 20)

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247 (1986). Rule 56 requires the plaintiff to come forward with the minimal facts to show a defendant may be liable under the claims alleged. See Rule 56(e). "A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely." Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984); quoting Seago v. North Carolina Theaters, Inc., 42 F.R.D. 627, 640 (E.D.N.C. 1966), aff'd, 388 F.2d 987 (4th Cir. 1967). There must be evidence on which the jury could reasonably find for the plaintiff. Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).

When a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is also appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court views the facts and all reasonable inferences derived therefrom in the light most favorable to the non-moving party in order to determine whether there is a genuine issue of material fact. Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

The allegations which are contained in Plaintiffs' complaint are not evidence, and cannot defeat a motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves...").

In viewing the facts of the record in the light most favorable to Plaintiffs, Defendant submits that it is entitled to summary judgment as a matter of law with regard to the complaint.

## II. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

**A. Plaintiff has not established primary negligence on the part of Defendant as the duty to remove a hazardous condition had not yet arisen.**

Plaintiff brings this action in one Count Negligence. She asserts that she was a business invitee on the AMF Bowling Center, Inc.'s Marlo Heights locale. She further asserts in a broad manner that the Defendant breached its duty of care to the Plaintiff by "allowing an extremely slippery surface to come in to existence, a condition that was hazardous to its business invitees". Plaintiff however fails to enumerate any specific duty owed by Defendant to Plaintiff.

In order for Plaintiff to recover, she must establish: (1) a duty that was breached, (2) a causal connection between the breach and her injury, and (3) damages. Brown v. Dermer, 357 Md. 344, 356, 744 A.2d 47, 54 (2000); citing Richwind Joint Venture 4 v. Brunson, 335 Md. 661, 670, 645 A.2d 1147, 1151 (1994) (and cases cited therein). Whether a legal duty exists is a question of law for the Court. Jackson v. A.M.F. Bowling Ctrs., Inc., 128 F. Supp. 2d 307, 311 (D. Md. 2001); citing Valentine v. On Target, Inc., 353 Md. 544, 549, 727 A.2d 947, 949 (1999);

see also Restatement (Second) of Torts § 328 B(b) (1965) (the court's function is to determine whether duty exists).

Whether an owner of real or personal property is liable to a person injured on their property is contingent upon the individual's status while on the property. Rowley v. Mayor and City Council of Baltimore, 305 Md. 456, 464-65, 505 A.2d 494, 498 (1986) ; citing Sherman v. Suburban Trust Co., 282 Md. 238, 242, 384 A.2d 76 (1978). In turn, an individual's status while on the property determines the standard of care or duty owed to the individual. Jackson v. A.M.F. Bowling Ctrs., Inc., 128 F. Supp. 2d 307 , 311 (D.Md. 2001).

Plaintiff alleges that she was a business invitee on the day in question. An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business. See BG&E v. Lane, 338 Md. 34, 656 A.2d 307, 312 (1995), overruled on other grounds, 348 Md. 680, 705 A.2d 1144 (1998); Wagner v. Doehring, 315 Md. 97, 553 A.2d 684, 686 (1989). The owner must use reasonable and ordinary care to keep his premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover. Morrison v. Suburban Trust Co., 213 Md. 64, 68-69, 130 A.2d 915 (1957); Peregoy v. Western Md. R.R. Co., 202 Md. 203, 207, 95 A.2d 867 (1953). However, "ordinary care" depends upon the circumstances involved. See Giant Food, Inc. v. Mitchell, 334 Md. 633, 640 A.2d 1134, 1135 (1994). The mere fact that Plaintiff was injured on Defendant's premises does not raise a presumption of negligence, as Defendant was not an insurer of Plaintiff's safety. See Id.

Liability cannot be imposed unless Plaintiff can prove that Defendant: (1) created the dangerous condition, (2) actually knew of the condition, or (3) constructively knew of the

5

condition, sufficient time had passed that, through the exercise of ordinary care, it should have discovered the hazard. Burwell v. Easton Memorial Hosp., 83 Md. App. 684,687-88, 577 A.2d 394 (1990). The mere existence of a defect is insufficient to impose liability upon a business owner. Ronk v. Corner Kick, Inc., 850 F.Supp. 369, 371 (D. Md. 1994)(and cases cited therein.) Plaintiff bears the burden to show that the Defendant had actual or constructive knowledge of its existence. Lexington Market v. Zappala, 233 Md. 444, 197 A. 2d 147 (1964); Montgomery Ward & Co. v. Hairston, 196 Md. 595, 78 A. 2d 190 (1951).

The mere accumulation of a foreign material on the approach area to the lane (if it existed), however, is insufficient to impose liability upon a landowner. Moulden v. Greenbelt Consumer Services, Inc., 239 Md. 229, 210, A.2d 724, 726 (1965). Liability may only be imposed on a landowner for injuries caused by a foreign object on the floor if he knew or should have known the existence of the dangerous condition and failed to act within a reasonable time thereafter to protect against injury by reason of it. Lund, 234 Md. At 409, 199 A.2d at 623; Reitzick v. Ellen Realty, Inc., 30 Md. App. 273, 352 A.2d 327, 329 (1976). The burden, therefore, is on the plaintiff to establish that a defendant failed to act within a reasonable time to remedy an allegedly dangerous condition. See Reitzick, 352 A.2d at 329.

In this matter, AMF Marlo Heights employee, Ahmad Haleem testified that he cleaned and oiled the lanes using a machine, then, using a dry mop, cleaned the approach area to the bowling lanes, before the Bowling Center was opened to the public.

There is no evidence that Mr. Haleem performed his duties in a negligent manner, in fact there is no evidence to contradict his testimony that he dry mopped all forty of the approach areas to the lanes.

There is no evidence that AMF Bowling Centers had knowledge of or constructive knowledge any hazardous defect in the approach lane. Nor is there any evidence that, if there was a defect that AMF Bowling Centers had time to cure any defect upon receiving actual or constructive notice of the defect before the incident. Without such evidence a verdict in favor of the Defendant (or in granting of Summary Judgment) should be entered Moulden v. Greenbelt Consumer Services, Inc., 239 Md. 229, 210, A.2d 724, 726 (1965) "The burden is upon the customer to show that the proprieter created the dangerous condition or had knowledge or constructive knowledge of the condition, Id., A2d 726, citing Lexington Market Authority v. Zappola, 233 Md. 444, 197, A2d 147.

As Plaintiff has not proven that employees caused the alleged defect, have not proven beyond mere speculation that the "defect" was oil from the lane machine, have not proven that Defendant had knowledge, actual or constructive, of the alleged defect and has not proven that any actions of Defendant or Defendant's employees led to the alleged defect, Defendant is entitled to summary judgment in the matter.

## CONCLUSION

Based on the forgoing, Defendant respectfully request that this Court grant its Motion for Summary Judgment with respect to all Courts of the Amended Complaint.


KARPINSKI, COLARESI & KARP


BY: _____/s/_____
KEVIN KARPINSKI

_____/s/_____
THOMAS S. BOUCHELLE
120 E. Baltimore Street
Suite 1850
Baltimore, Maryland 21202
410-727-5000
Attorneys for Defendant AMF BOWLING
CENTERS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January 2007, that a copy of Defendant's

Motion for Summary Judgment was electronically filed, with notice to:

William F. Mulroney, Esquire
Ashcraft & Gerel, LLP
10 East Baltimore Street
Suite 1212
Baltimore, Maryland 21202
*Attorneys for Plaintiff*

_____/s/_____
Of Counsel for Defendant
